## COMMONWEALTH vs. JAMES H. McCAFFERTY.

Essex. Nov. 4, 1887. — Jan. 2, 1888. DEVENS & KNOWLTON, JJ., absent.

If the charter of a city provides that its by-laws or ordinances shall take effect, and be in force, from and after the time therein respectively limited, without the sanction of any court, or other authority whatever, the provisions of the Pub. Sts. c. 27, § 23, and of c. 28, § 2, as to publication of by-laws or ordinances, do not apply.

An ordinance of a city, providing that "no person shall place or carry, or cause to be placed or carried, on any sidewalk, any show-board, placard, or sign, for the purpose of there displaying the same," is reasonable and valid.

At the trial of a complaint for a violation of an ordinance of a city, providing that "no person shall place or carry, or cause to be placed or carried, on any sidewalk, any show-board, placard, or sign, for the purpose of there displaying the same," it appeared that the defendant walked upon the sidewalk of a street in the city, having over his shoulders a piece of oil cloth, which he wore like a vest or coat, on which was printed the inscription, "Lasters on strike. All lasters are requested to keep away from P. P. Sherry until the present trouble is settled. Per order L. P. U." *Held*, that the defendant's act was a violation of the ordinance.

MORTON, C. J. This is a complaint for a violation of an ordinance of the city of Lynn. The part of the ordinance which applies to the case is as follows: " No person shall place or carry, or cause to be placed or carried, on any sidewalk, any show-board, placard, or sign, for the purpose of there displaying the same."

The ordinances were proved by the production by the clerk of the original records of the city, and we do not understand that the defendant now insists upon his objection to the sufficiency of the proof. He contends that the ordinance in question has no legal effect, because it has not been published according to the provision of the Gen. Sts. c. 18, § 16,* which was in force when the ordinance was passed. The provisions of the charter of Lynn as to the power to make ordinances are, in effect, the same as those contained in the charter of Boston, as to which it

---

* This section (reënacted in the Pub. Sts. c. 27, § 23) requires the by-laws of a town to be published in one or more newspapers. Section 2 of the Gen. Sts. c. 19 (reënacted in the Pub. Sts. c. 28, § 2), provides that c. 18, and all other laws relating to towns, shall apply to cities " so far as they are not inconsistent with the general or special provisions relating thereto."

has been decided that no publication is necessary as a condition precedent to the validity of the ordinances. The ordinances of Lynn take effect upon their passage, if no time is therein limited or named. St. 1850, *c.* 184, § 20.* *Commonwealth* v. *Davis*, 140 Mass. 485. *Commonwealth* v. *Brooks*, 109 Mass. 355.

The defendant also contends that the ordinance is unreasonable, and therefore void. The city is authorized "to make all such salutary and needful by-laws" as towns have power to make and establish. St. 1850, *c.* 184, § 20. Towns have power to "make such necessary orders and by-laws, not repugnant to the laws of the State, for directing and managing the prudential affairs, preserving the peace and good order, and maintaining the internal police thereof, as they may judge most conducive to the welfare of the town." Gen. Sts. *c.* 18, § 11. Pub. Sts. *c.* 27, § 15.

The purpose of the ordinance in question is to prevent the placing of show-boards and signs upon the sidewalks so as to obstruct them, and also to prevent the carrying of placards and signs for the purpose of displaying them, of which the tendency and effect might be to collect crowds, and thus to interfere with the use of the sidewalks by the public, and lead to disorder. We cannot say that such a provision applicable to the crowded streets of a populous city is unreasonable.

The remaining question is whether the defendant was shown to have violated the ordinance. It appeared that the defendant walked upon the sidewalk in Munroe Street, having over his shoulders a piece of oil-cloth, which he wore like a vest or coat, on which was printed the inscription, "Lasters on strike. All lasters are requested to keep away from P. P. Sherry until the present trouble is settled. Per order L. P. U."

It does not require argument to show that this is a placard or sign, and that wearing it upon his person like a vest or coat was carrying it for the purpose of displaying it. The natural

---

* "The city council shall have power to make all such salutary and needful by-laws as towns, by the laws of this Commonwealth, have power to make and establish, and to annex penalties, not exceeding twenty dollars, for the breach thereof ; which by-laws shall take effect and be in force from and after the time therein respectively limited, without the sanction of any court or other authority whatever."

tendency of his act was to collect a crowd and to create disorder, and it falls within the letter and spirit of the ordinance.

*Exceptions overruled.*

*J. R. Baldwin*, for the defendant.

*H. C. Bliss*, Assistant Attorney General, for the Commonwealth.