## WATTERS v. CITY OF INDIANAPOLIS.

[No. 23,455.   Filed March 14, 1922.]

1. MUNICIPAL CORPORATIONS.— *Ordinances.*— *Wisdom and Expediency.*—*Review by Courts.*—The Supreme Court will not pass upon the wisdom or expediency of city ordinances. p. 674.

2. CONSTITUTIONAL LAW.—*Municipal Ordinance Prohibiting Display of Banners.*—*Constitutionality.*—A municipal ordinance, enacted under authority given the city by §8655, cl. 31, Burns 1914, Acts 1905 p. 219, §53, making it unlawful to display any banner, placard, etc., in any public street or sidewalk, except

in processions, does not deny one alleged to have violated the ordinance by wearing in public a shirt bearing the inscription, "Barber shop unfair to organized labor," the privileges and immunities granted to participants in such processions in violation of Constitution of U. S., Amend. 14; the purpose of the ordinance being to enable the city to encompass and control whatever may attract crowds in public places or cause trouble. p. 674.

3.  CONSTITUTIONAL LAW.—*Municipal Ordinance Prohibiting Display of Banners.—Constitutionality.*—A municipal ordinance, enacted under the authority given the city by §8655, cl. 31, Burns 1914, Acts 1905 p. 219, §53, making it unlawful to display any banner, placard, etc., in any public street or sidewalk, except in processions, does not deny one alleged to have violated the ordinance by wearing in public a shirt bearing the inscription, "Barber shop unfair to organized labor," the right of free interchange of thought and opinion, or the right to speak, write or print freely as guaranteed by Constitution, Art. 1, §9; the restrictions in the ordinance being intended to assure a free enjoyment of public streets by all.  p. 674.

4.  MUNICIPAL CORPORATIONS.—*Ordinance Prohibiting Display of Placards.— Scope.— Wearing Shirt Bearing Inscription.*— The wearing of a shirt bearing the inscription, "Barber shop unfair to organized labor," was a violation of a municipal ordinance prohibiting the display of banners, placards, etc., in any public street or sidewalk.  p. 675.

From Marion Circuit Court (27,052) ; *Louis B. Ewbank,* Judge.

Action by the city of Indianapolis against Charles Watters.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*L. M. Rappaport, Albrecht R. C. Kipp, Joseph B. Kealing* and *Martin M. Hugg,* for appellant.

*Harry E. Yockey, Samuel Ashby, Dixon H. Bynum* and *Holmes & McCallister,* for appellee.

TOWNSEND, J.—Appellee recovered a penalty from appellant for the alleged violation of the following ordinance:

"Be it ordained by the Common Council of the city of Indianapolis, That it shall be unlawful for

Watters *v.* City of Indianapolis—191 Ind. 671.

any person or persons, in or upon any public street, sidewalk, alley or other public place in the city of Indianapolis, to carry any banner, placard, advertisement or handbill, for the purpose of displaying the same: Provided, That the terms of this Ordinance shall not be held to apply to processions of menageries, circuses, minstrel shows, public processions, and the like exhibitions."

Appellant wore a shirt bearing the inscription on the front and back: "BARBER SHOP UNFAIR TO ORGANIZED LABOR." He did nothing but walk back and forth in front of a barber shop located at 207 Massachusetts avenue. He was one of a group who, in turn, did this.

The power of the municipality, under the authority conferred by general statute, is not questioned by appellant; but it is appellant's contention that appellee is arbitrary and unreasonable in the exercise of this power. In other words, that the municipality in the exercise of the power delegated to it by the state, has denied him the equal protection of the laws under the fourteenth amendment to the United States Constitution in this, that the ordinance in question grants privileges and immunities to "processions of menageries, circuses, minstrel shows, public processions, and the like exhibitions," which are denied to appellant in like circumstances; that it denies him his liberty and takes away his property in the same circumstances that it permits persons in processions of menageries, circuses, minstrel shows, public processions and like exhibitions to enjoy their property and their liberty. He also contends that he is restrained from "the free interchange of thought and opinion, * * * the right to speak, write, or print freely," etc., in violation of Art. I, §9, of the State Constitution.

This court will not attempt to vie with a city council

or the legislature in the expediency or wisdom of legislation. The city is given power "to regulate and 1, 2. and prohibit the exhibition or carrying of banners, placards, advertisements or hand bills on the streets, alleys, or public places." §8655, cl. 31, Burns 1914, Acts 1905 p. 219, §53.

The reason for the classification in the ordinance, which inheres in the subject-matter and the circumstances, is very plain. The carrying of placards and banners may attract crowds and blockade the streets and sidewalks. By this method too, class hatred is sometimes stirred up, and a breach of the peace caused. Cities cannot afford police officers enough to watch all persons in all places at all times. These powers to regulate and prohibit are given to enable a city to encompass and control that which may attract crowds or cause trouble. By the powers given under other provisions of the statute, cities require that notice be given to the police department of public parades. By this method the officers know when and where a crowd is apt to be attracted. They may accordingly make arrangements to properly police those streets, direct the traffic, prevent congestion and avoid danger and trouble. Appellant is not prevented from participating in these parades. He has the same privileges and immunities that all other citizens have in like circumstances.

Nor is he denied the right of "free interchange of thought and opinion," or "the right to speak, write, or print freely." He may hire a hall or print a 3. paper. But this does not mean that he may do as he pleases on a public street, which is kept by all the people for use under such restrictions that, as near as possible, all may enjoy it.

Appellant also contends that the wearing of this shirt does not bring him within the meaning of this ordinance.

The city of Lynn, Massachusetts, had the following ordinance: "No person shall place or carry, or cause to be placed or carried, on any sidewalk, any showboard, placard, or sign, for the purpose of there displaying the same."

It appeared that the accused walked upon a street in Lynn wearing an oil-cloth vest or coat inscribed: "Lasters on strike. All lasters are requested to keep away from P. P. Sherry until the present trouble is settled. Per order L. P. U." The court said: "It does not require argument to show that this is a placard or sign, and that wearing it upon his person like a vest or coat was carrying it for the purpose of displaying it. The natural tendency of his act was to collect a crowd and to create disorder, and it falls within the letter and spirit of the ordinance." *Commonwealth* v. *McCafferty* (1888), 145 Mass. 384.

Judgment affirmed.

Ewbank, C. J., not participating.