WOODWARD *v.* PERE MARQUETTE RAILWAY CO.

1. CARRIERS—FEDERAL LAWS AND REGULATIONS—UNIFORMS, HATS AND BADGES FOR EMPLOYEES IN PASSENGER TRAFFIC.

The effect of Federal laws and regulations affecting common carriers, which have been enacted or promulgated since the enactment of a State statute requiring railroad companies to furnish employees whose duties relate to the immediate transportation of passengers or their baggage with "a uniform, hat or cap and distinguishing badge," is not considered where such State statute is declared unconstitutional as class legislation (2 Comp. Laws 1929, § 11186).

2. CONSTITUTIONAL LAW—CLASS LEGISLATION—RAILROADS—OTHER
   CARRIERS—UNIFORMS, HATS AND BADGES.

    Statute requiring railroad companies to furnish employees whose
   duties relate to the immediate transportation of passengers or
   their baggage with ''a uniform, hat or cap and distinguishing
   badge'' is unconstitutional as class legislation, competing pub-
   lic carriers not being required by any statute to do likewise
   (2 Comp. Laws 1929, § 11186).

Appeal from Michigan Public Service Commis-
sion. Submitted April 3, 1945. (Docket No. 18,
Calendar No. 42,893.) Decided June 29, 1945.

Complaint by Harry J. Woodward against Pere
Marquette Railway Company before Michigan Pub-
lic Service Commission to require defendant to
furnish its employees with uniforms. Plaintiff re-
views order dismissing complaint by appeal in na-
ture of certiorari. Affirmed.

*Harry F. Hittle,* for plaintiff.

*John C. Shields* and *William R. Althans,* for de-
fendant.

REID, J. This is an appeal in the nature of cer-
tiorari from an order of the Michigan public serv-
ice commission dismissing appellant's petition in
which he prayed that the commission require the
Pere Marquette Railway Company, defendant ap-
pellee, to furnish uniforms for plaintiff and for
certain railway employees, under 2 Comp. Laws
1929, § 11186 (Stat. Ann. § 22.277). This appeal in-
volves a determination of the constitutionality of
that section, and whether the Michigan public service
commission has power and authority to enforce the
provisions of that section and to grant the relief
sought.

The commission found that,

"Harry J. Woodward now is, and for a number of years has been, a conductor in freight service for the Pere Marquette Railway Company. In 1925, 1926 and part of 1927, he was a conductor in passenger service for the railway company. During this time the railway company supplied him with a badge, buttons and service insignia, and he, at his own expense, supplied the uniform."

The Pere Marquette Railway Company has never furnished uniforms to any of its passenger conductors.

On May 10, 1943, and again on December 3, 1943, petitioner was notified that he could qualify as passenger conductor. By another communication on April 22, 1944, he was required to "protect" (conduct) passenger train No. 6, but he said he had no uniform and did not intend to get one, and for failure and refusal to obtain his own uniform he was put back in service as a freight train conductor. On July 5, 1944, he filed a complaint with the Michigan public service commission based upon 2 Comp. Laws 1929, § 11186, in which complaint he recited among other things the refusal of the company to provide him with a uniform, and he requested the public service commission to entertain jurisdiction of his complaint and to require the defendant Pere Marquette Railway Company to provide him with a uniform, as required by 2 Comp. Laws 1929, § 11186, and further petitioned that the defendant be required by the order of the commission to furnish uniforms to all its employees whose duties relate to the immediate transportation of passengers or their baggage and further, if the defendant refused or failed to comply with such order of the commission, that proceedings be instituted to enforce the forfeiture as provided for in this section. Plaintiff,

as ground for his claim that the commission has the authority he requests it to exercise, cites 2 Comp. Laws 1929, § 11057 (Stat. Ann. § 22.59), which is as follows:

"This commission shall inquire into any neglect or violation of the laws of this State by any such common carrier hereinbefore defined doing business therein, or by its officers, agents or employees thereof, and shall have the power and it shall be its duty to enforce the provisions of this act as well as all other laws relating to common carriers and report all violations thereof to the attorney general."

The commission by its opinion and order, July 5, 1944, dismissed plaintiff's complaint on the grounds that the contentions raised were judicial questions properly answerable only by the courts, that the commission was of the opinion that it was without power or authority to make the orders requested and further, that if the commission lacked power and authority to make the orders requested, it was also without power lawfully to institute proceedings to enforce such orders. The commission further found it was without power or authority to grant any of the relief sought by the petition.

Since the enactment of 2 Comp. Laws 1929, § 11186, much doubt has existed among that portion of the public who would be most directly interested in the subject matter of uniforms, et cetera, to be worn by trainmen, over the interpretation to be given to this act. The attorney general of the State was requested by the Michigan public utilities commission[*] to render an opinion whether railroads

---

[*] The powers and duties of the Michigan public utilities commission were transferred to the Michigan public service commission and the former commission abolished by Act No. 3, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 11017–1 et seq., Stat. Ann. 1944 Cum. Supp. § 22.13 [1] et seq.).—REPORTER.

are required to provide their employees in passenger train service a uniform and a hat or cap and a distinguishing badge, or only two of the above-named articles. The attorney general on January 6, 1938,* rendered his opinion in which, among other things, he said that the construction of the entire section would compel the railroad corporation to provide three articles, viz.: (1) a uniform, (2) a hat or cap, and (3) a distinguishing badge. In his opinion he further indicated that the interpretation of the section is not wholly free from doubt, but he did not render an opinion on the validity of the act.

Defendant railway company claims that:

"Since the enactment of the law, the unquestioned practice of railroad corporations has been to require conductors to wear uniform suits of clothes, the company providing the means of obtaining them. Buttons, stripes, badges, and other distinguishing insignia were, and are, furnished at company expense."

Defendant claims that its action in that regard constitutes a compliance with all that the law can be said to require of it, and further asserts that it is doubtful what is meant by the forfeiture of $100 for each week such neglect shall continue and asks, what would constitute a week's neglect on the part of the corporation? Further doubt as to the construction is pointed out by defendant pertaining to the words, "to be worn by all its employees," and defendant says that the legislature evidently did not have in mind that all the employees should wear a single uniform or a single hat or a single cap or a single badge, and evidently infers that a doubt exists as to furnishing new uniforms in place of uniforms partly worn, yet a penalty is provided for a

---

* Opinions of the Attorney General, 1937–1938, p. 387.—Reporter.

violation of the duty stated, which duty defendant claims is not clearly defined. Besides the vagueness, uncertainty and ambiguity of this statute, 2 Comp. Laws 1929, § 11186, as above indicated, defendant further claims that the statute is void because it is class legislation in that the statute would require the defendant to furnish uniforms, et cetera, for certain employees while competing public carriers, streetcar companies, boat lines, airways, bus lines, taxicab owners and telegraph companies, are not so required by any statute, and that therefore defendant is denied the equal protection of the law. Defendant further claims that the statute would deprive defendant of its property and of its liberty to contract with its employees without due process of law and, further, that the statute places an unreasonable burden upon interstate commerce.

The effect of Federal laws and regulations affecting common carriers, enacted or promulgated since the enactment of the section in question, is a matter not fully presented before the commission, nor fully discussed in the briefs on this appeal. We do not consider it necessary to consider the effect of such laws and regulations on the statute in question, in view of the decision which we make, on other grounds.

We consider this section class legislation. *Davidow* v. *Wadsworth Manufacturing Co.,* 211 Mich. 90 (12 A. L. R. 605). *Hanley* v. *Moody,* 39 Fed. (2d) 198, 200.

The section in question, Act No. 198, art. 4, § 18, Pub. Acts 1873, as amended by Act No. 207, Pub. Acts 1879 (2 Comp. Laws 1929, § 11186 [Stat. Ann. § 22.277]), is found and declared to be invalid and unconstitutional for the reason that it is class legislation.

The commission therefore had no authority to grant the relief prayed for in the petition.

The order of the commission appealed from is affirmed. No costs.

North, Wiest, and Sharpe, JJ., concurred with Reid, J. Butzel, Bushnell, and Boyles, JJ., concurred in the result. Starr, C. J., did not sit.