HYMAN PRICE *vs.* RAILWAY EXPRESS AGENCY, INCORPORATED.

Middlesex.   January 7, 1948. — March 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Workmen's Compensation Act,* To whom act applies. *Negligence,* Employer's liability: fellow servant, employee of express company. *Constitutional Law,* Equal protection of laws. *Statute,* Retroactive statute.

The amendments to the definitions of employee and employer by St. 1943, c. 529, §§ 1A, 3, excluded an express company subject to the interstate commerce act and its employees from the scope of the workmen's compensation act; such amended statutory definitions were not affected by § 9A, § 10, and § 7, of said c. 529, respectively amending § 66 and 67 of the workmen's compensation act and inserting therein §§ 25A–25D.

The provisions of § 1 (4) and of § 1 (5) of the workmen's compensation act appearing respectively in § 3 and § 1A of St. 1943, c. 529, excluding express companies subject to the interstate commerce act and their employees from the scope of the workmen's compensation act were not unconstitutional as depriving an employee of such a company of equal protection of laws.

In March, 1945, an express company subject to the interstate commerce act was excluded from the scope of the workmen's compensation act and therefore was not precluded by § 66 thereof, as amended, from relying on the fellow servant rule in defence to an action against it by an employee for personal injuries then sustained although it was not insured nor a self insurer under the workmen's compensation act.

Statutes dealing with substantive rights are commonly to be construed to deal only with transactions occurring after their enactment unless the legislative intent that they should be applied to past transactions is clearly expressed.

The second sentence of § 2A inserted in the workmen's compensation act by St. 1946, c. 386, § 3, did not make retroactive the provisions of St. 1945, c. 369, eliminating the exclusion of express companies subject to the interstate commerce act and their employees from the scope of the workmen's compensation act.

TORT. Writ in the Superior Court dated October 2, 1945.

The action was tried before *Baker*, J., upon an agreed statement of facts, and was reported to this court under a stipulation of the parties that in the event the plaintiff was entitled to recover, judgment should be entered for him in the sum of $3,500; otherwise judgment should be entered for the defendant.

*S. H. Rogers*, for the plaintiff.

*A. M. Pinkham*, for the defendant.

*S. P. Townsend & C. W. Oberdorfer*, by leave of court, submitted a brief as amici curiae.

RONAN, J. This is an action of tort to recover damages for personal injuries sustained on March 24, 1945, by an employee of the defendant when he was struck by a truck negligently operated by another employee of the defendant. The plaintiff had transported a truck load of freight from the North Station in Boston to the South Station and was waiting there at the defendant's terminal to unload these goods, which were to be shipped out of the Commonwealth, when the accident occurred. The fellow servant rule would bar the maintenance of this common law action if this defence is available to the defendant. *Carney* v. *A. B. Clark Co.* 207 Mass. 200, 202. *Greem* v. *Cohen*, 298 Mass. 439, 441. The defendant at the time of the plaintiff's injury was not insured and was not a self insurer under the workmen's compensation act. G. L. (Ter. Ed.) c. 152. It was an express company engaged in intrastate and interstate commerce, and had hundreds of persons in its employ in this Commonwealth. The plaintiff contends that the defendant had been deprived of this common law defence by the workmen's compensation act.

We first consider the plaintiff's contention with reference to the workmen's compensation act as it stood at the time of the accident. The act had been materially changed by

St. 1943, c. 529.   This chapter made the act compulsory on all employers with certain exceptions; it increased the number of common law defences taken away from an employer, including contractual assumption of the risk and lack of negligence on the part of the employer, and effected many other important alterations in the act.   General Laws (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1943, c. 529, § 3, defined an employee as "every person in the service of another under any contract of hire, express or implied, oral or written, excepting masters of and seamen on vessels engaged in interstate or foreign commerce, persons employed by an express company, sleeping car company, or carrier subject to Part I or Part II of the Interstate Commerce Act . . . ..   The provisions of this chapter shall remain elective as to employers of the following: — persons employing six or less, or persons employed as domestic servants and farm laborers, members of an employer's family dwelling in his household, and persons other than laborers, workmen and mechanics employed by religious, charitable or educational institutions." [1]   Chapter 152, § 1 (5), as appearing in § 1A of said c. 529, defined an employer as "an individual . . . [or] corporation . . . employing employees subject to this chapter."   It is plain that the employees of the defendant were expressly excluded from the coverage of the act, and that the plaintiff was not an employee and the defendant was not an employer within its terms.

The plaintiff points to certain other changes wrought in the act by c. 529, principally the amendment of § 66 of the act by c. 529, § 9A, the amendment of § 67 of the act by c. 529, § 10, and the amendment of the act by the insertion by c. 529, § 7, of four new sections (25A–25D) providing for compulsory compensation and self insurance.   The new § 67 provides that the new § 66 shall not apply to actions brought by domestic servants, farm laborers or employees of an insured person or self insurer to recover for personal injuries;   and that in an action by an employee against

---

[1] The defendant was subject to the interstate commerce act, U. S. C. (1940 ed.) Title 49, § 1 (3).   *Adams Express Co.* v. *New York*, 232 U. S. 14. *American Express Co.* v. *United States*, 212 U. S. 522.

an employer who had a right of election as provided in paragraph 4 of § 1, the latter shall not be deprived of the defence that he was not negligent. Section 66 as amended takes away the defences that the employee was negligent, the fellow servant rule, voluntary and contractual assumption of risk, and that the employer was not negligent, in an action for "damages for personal injury sustained by an employee in the course of his employment or for death resulting from personal injury so sustained." Section 67 cannot properly be construed to mean that § 66 shall apply to every action for personal injuries which may be brought by an employee against any employer, irrespective of whether such an employee or employer is within the terms of the workmen's compensation act, excepting only the actions which § 67 expressly excludes from the operation of § 66. In the next place, the purpose of § 66, before insurance or self insurance under the act became compulsory, was to induce employers to provide for the payment of compensation to their employees by taking away certain common law defences from those who did not do so. *Young v. Duncan,* 218 Mass. 346. *Cox's Case,* 225 Mass. 220, 223. *Armburg v. Boston & Maine Railroad,* 276 Mass. 418, 421. The purpose of that section after insurance or self insurance under the act became compulsory by St. 1943, c. 529, was also to place an additional burden, by taking away other common law defences, on those who failed to provide for the payment of compensation as the act requires. The original form of this section has not been changed except as to the additional common law defences taken away from the employer. The pressure formerly exerted by § 66 was directed against employers who could but did not provide for the payment of compensation to their employees, and the pressure now exerted is also against those who are required so to provide but fail to do so. It did not then and does not now reach employers who were or are beyond the ambit of the act.[1]

---

[1] Where it is optional with certain employers as described in G. L. (Ter. Ed.) c. 152, § 1 (4), as amended, to come within the act, their neglect to do so does not deprive them of the defence that they were not negligent. G. L. (Ter. Ed.) c. 152, § 67, as amended.

It is true that the language of some of the four new sections, (25A–25D), added to the act by St. 1943, c. 529, § 7, relative to compulsory insurance or self insurance is broad and general. Section 25A, for instance, provides that "every employer shall provide for the payment to his employees of the compensation provided for by this chapter." It cannot be successfully contended that the words "every employer" should be construed to include every employer of labor within the Commonwealth. To do so would make insurance or self insurance under the act compulsory upon all employers, and would be contrary to other sections of the act which expressly except certain employers. The act must be read as a whole, without overemphasizing the importance of any portion of the act but giving to each its appropriate force and effect, so that the various portions taken together shall constitute a harmonious and consistent legislative enactment. *Bolster* v. *Commissioner of Corporations & Taxation*, 319 Mass. 81. *Meunier's Case*, 319 Mass. 421. *Haines* v. *Town Manager of Mansfield*, 320 Mass. 140.

Another of these new sections, 25B, provides that "Any employer may bring an employee or employees for whom he is not required by this chapter to provide for the payment of compensation within the coverage of this chapter by providing for the payment of compensation to such employee or employees as provided by this chapter." An exception expressly granted to an employer like the defendant which put it beyond the scope of the act, G. L. (Ter. Ed.) c. 152, § 1 (4), (5), would be of little value if the exemption could be enjoyed only at the price of losing its common law defences in the event it was sued by an employee. The act negatives any contention that this exemption was based upon any such condition or that it was other than absolute.

A State has broad regulatory powers over the status existing between master and servant, and the Legislature in dealing with this relation has a wide field of discretion. *Chicago, Burlington & Quincy Railroad* v. *McGuire*, 219 U. S. 549. *Jeffrey Manuf. Co.* v. *Blagg*, 235 U. S. 571.

*Middleton* v. *Texas Power & Light Co.* 249 U. S. 152. *Lower Vein Coal Co.* v. *Industrial Board of Indiana,* 255 U. S. 144. *Chicago, Rock Island & Pacific Railway* v. *Perry,* 259 U. S. 548. *West Coast Hotel Co.* v. *Parrish,* 300 U. S. 379. *Opinion of the Justices,* 209 Mass. 607, 610. *Opinion of the Justices,* 309 Mass. 562, 569, 570. A common, if not the most common, means of exercising this power is through classification of different masters and servants. The plaintiff contends that the exclusion of the employees of an express company from the benefits of the workmen's compensation act denies him equal protection of the laws. It is to be noted that the persons excluded are those "employed by an express company, sleeping car company, or carrier subject to Part I or Part II of the Interstate Commerce Act." A legislative classification is not to be deemed arbitrary or capricious, or entirely lacking in any real or substantial relation to the purposes sought to be accomplished, if any state of facts may be reasonably conceived to justify it. *Rast* v. *Van Deman & Lewis Co.* 240 U. S. 342, 357. *Metropolitan Casualty Ins. Co.* v. *Brownell,* 294 U. S. 580, 584. *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495, 507. *New York Rapid Transit Corp.* v. *New York,* 303 U. S. 573, 578. *Old Colony Railroad* v. *Assessors of Boston,* 309 Mass. 439, 446–449. *McQuade* v. *New York Central Railroad,* 320 Mass. 35, 38, 39. If the Legislature deemed it appropriate to regard a personal injury received by an employee of one engaged to a large extent in interstate commerce as arising out of the general nature of the employment and so out of such commerce rather than to determine whether the specific act which caused the injury was connected with intrastate or interstate commerce, and therefore to treat as a distinct class such employees and to exclude them from the coverage of our workmen's compensation act, leaving them to whatever remedies, if any, they might have at common law or by some Federal statute, and so avoid any possible conflict in the application of our workmen's compensation act with some act of Congress, as, for example, the Federal employers' liability act (U. S. C. [1940 ed.] Title 45, § 51 et seq.) or the longshoremen's and harbor workers' compensation act

(see now U. S. C. [1940 ed.] Title 33, § 901 et seq.), we cannot say that such a classification was unreasonable or beyond the competency of the Legislature to effect, especially in view of the serious difficulties which have been experienced in deciding whether such employees or some of them came within the State compensation act or some Federal statute. *New York Central Railroad* v. *Winfield*, 244 U. S. 147. *Baltimore & Ohio Southwestern Railroad* v. *Burtch*, 263 U. S. 540. *Parker* v. *Motor Boat Sales, Inc.* 314 U. S. 244. *Davis* v. *Department of Labor & Industries*, 317 U. S. 249. *McLeod* v. *Threlkeld*, 319 U. S. 491. See also *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 424, affirmed sub nomine *Boston & Maine Railroad* v. *Armburg*, 284 U. S. 609; *McCarthy* v. *New York, New Haven & Hartford Railroad*, 285 Mass. 211, 215; *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175.

We conclude that the plaintiff's injury did not come within the workmen's compensation act as it stood at the time of the accident and that the defendant, as the law then existed, was not prevented from setting up the fellow servant rule.

The exception from the scope of the workmen's compensation act granted to the defendant and its employees by St. 1943, c. 529, §§ 1A, 3, revising G. L. (Ter. Ed.) c. 152, § 1 (5), (4), was eliminated by St. 1945, c. 369, which amended said § 1 (4) and became operative on June 1, 1945, subsequent to the plaintiff's accident. There is nothing contained in said c. 369 indicating any legislative intent that it should be retroactively applied, and consequently, in so far as this c. 369 alone is concerned, it did not affect the plaintiff's cause of action, which was to be determined in accordance with the law existing at the time of its occurrence. *Manley's Case*, 280 Mass. 331, 335. *Reidy* v. *Crompton & Knowles Loom Works*, 318 Mass. 135. *Maciejewski* v. *Graton & Knight Co.* 321 Mass. 165.

The workmen's compensation act was again amended by St. 1946, c. 386, § 3, which inserted a new section, 2A, in G. L. (Ter. Ed.) c. 152. This section consists of two sentences. The first merely provides that an amendment,

enacted after the occurrence of a personal injury and providing for an increase in the amount of compensation above that fixed at the time of the injury, shall be considered substantive in nature and shall not be retroactively applied. The second sentence provides that every amendment "which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

It is the contention of the plaintiff that the amendment of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, § 1 (4), by St. 1945, c. 369, was in effect when § 2A was enacted; that, as c. 369 did not provide for any increase in the amounts payable to an injured employee, it was a procedural or remedial statute within the meaning of § 2A, and should be considered by virtue of § 2A to have been applicable to the plaintiff's accident occurring on March 24, 1945, even though said c. 369 did not become effective until June 1, 1945; that the employee must be regarded as having been within the workmen's compensation act when he was injured; and that, as the defendant had not then secured insurance for the benefit of the employee, the defendant was thereby precluded by G. L. (Ter. Ed.) c. 152, § 66, from setting up the fellow servant rule in the present action against it.[1]

Statutes dealing with substantive rights are commonly to be construed to deal only with transactions occurring after their enactment unless the legislative intent that they should be applied to past transactions is clearly expressed. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. *Ring* v. *Woburn*, 311 Mass. 679, 682. *E. B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579, 584. To give to § 2A the interpretation that all amendments to the act which were in effect and did not provide for an increase in the amount

---

[1] The defendant concedes that it was brought within the scope of the workmen's compensation act by St. 1945, c. 369, and would be subject to the act with reference to personal injuries sustained in its employment by one of its employees which occurred subsequent to the effective date of the act. See *Schlehuber* v. *American Express Co.* 230 Mass. 347.

of the award were matters of procedure or remedy would lead to serious constitutional questions. *Ziccardi's Case,* 287 Mass. 588. *Campbell* v. *Boston,* 290 Mass. 427. *Mulligan* v. *Hilton,* 305 Mass. 5, 10. *Bernhardt* v. *Atlantic Finance Corp.* 311 Mass. 183. *Beausoleil's Case,* 321 Mass. 344. The plaintiff did not have any valid claim for compensation under the act as it existed at the time he was injured. Could his injury be converted into a good claim for compensation by a subsequent legislative fiat? Could the defendant, which was expressly excepted from the operation of the act, be penalized by a subsequent legislative act because it had not provided for the payment of compensation to its employees, or could it thereby be deprived of a good defence which it had when the injury occurred to the employee? Statutes are to be construed, if reasonably possible, to avoid constitutional objections. *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239. *Kennedy* v. *Commissioner of Corporations & Taxation,* 256 Mass. 426, 430. *Greenaway's Case,* 319 Mass. 121.

We need not decide whether § 2A could be sustained if the interpretation urged by the plaintiff were adopted, because we do not accept that interpretation. We are of opinion that the proper construction of the section shows that it cannot be rightly applied to the instant case. We must look beyond the letter of a statute where a literal construction would be inconsistent with the legislative intent. *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 583, 584. *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547, 550. *Curran, petitioner,* 314 Mass. 91, 95. *Commissioner of Corporations & Taxation* v. *Adams,* 316 Mass. 484, 487. It is to be noted that the first sentence of this section creates no rights. It limits the award to one who had a compensable claim to the amount fixed at the time of his injury. It prohibits the imposition of an additional burden. No increase in compensation is to be allowed. A construction of the second sentence which would result in the creation of a compensable claim where none could have existed at the time of the injury would be inconsistent with the purpose and aim of the first sentence. It is inconceivable

that the Legislature would bar an increase on an existing valid claim and at the same time authorize the conversion by subsequent legislation of a noncompensable claim into a compensable one.   Both sentences of § 2A must be construed together so as to constitute a consistent and harmonious statutory provision.   *Bolster* v. *Commissioner of Corporations & Taxation*, 319 Mass. 81, 85.   We do not think that the Legislature intended that all amendments including those which are essentially and actually substantive in nature should be considered as remedial, excepting only one dealing with an increase in compensation.

In accordance with the stipulation under which the action was reported to this court, judgment is to be entered for the defendant.

*So ordered.*