## COMMONWEALTH *vs.* WILLIAM H. BROOKS.

An ordinance passed by a city whose charter provides that such ordinances shall take effect from the time therein respectively limited, takes effect from its passage, if no time is limited and there is nothing in the ordinance to show that it was not intended to take effect immediately.

The right of the city of Boston to pass ordinances, forbidding that provision wagons shall be suffered to stand in streets within the limits of a market, is not affected by the St. of 1869, *c.* 301, § 1, which authorizes the mayor and aldermen of any city to make rules in regard to the passing of vehicles in the streets.

A city ordinance forbidding that wagons containing perishable produce shall be suffered to remain in streets within the limits of a market, more than twenty minutes, between the hours of eleven in the morning and four in the afternoon, unless permitted to do so by the superintendent of the market, is not void as being unreasonable, unequal or unconstitutional, or unduly restraining trade.

COMPLAINT to the municipal court of the city of Boston, dated June 19, 1871, in behalf of the Commonwealth, by Charles B. Rice, superintendent of Faneuil Hall Market in Boston, for the

violation of an ordinance of the city, passed June 2, 1871, which is printed in the margin.* At the trial in the superior court on appeal, before *Lord,* J., the defendant moved to dismiss the complaint, but the judge refused to allow the motion ; the jury returned a verdict of guilty; and the defendant alleged exceptions.   The case is stated in the opinion.

*J. G. Abbott & W. A. Munroe,* for the defendant.

*J. P. Healy & J. L. Stackpole,* for the Commonwealth.

CHAPMAN, C. J.   The complaint is for the violation of a city ordinance, passed June 2, 1871, to amend an ordinance in relation to Faneuil Hall Market.   By § 4 of the ordinance in relation to Faneuil Hall Market,† this market includes specified portions of

---

* " The Ordinance in relation to Faneuil Hall Market is hereby amended. by striking out the nineteenth section and inserting in place thereof the following :

" ' SECTION 19. Any person occupying a street stand or any place within the limits of the said market, for the sale of fresh provisions or perishable produce, or having in his possession fresh provisions or perishable produce, with intent to sell the same within said limits, between the hours of eleven o'clock in the forenoon and four o'clock in the afternoon, or between the hour of closing the said market at night and the morning of the next day, unless permitted so to do by the superintendent or his deputy, shall be liable to the penalty hereinafter mentioned for a violation of this ordinance.'

" Also, by adding to said ordinance the following section :

" ' SECTION 23. No owner, driver or other person having the care or ordering of any market wagon or other vehicle, having fresh provisions or perishable produce therein, shall suffer the same to remain within the limits of Faneuil Hall Market more than twenty minutes between the hours of eleven o'clock in the forenoon and four o'clock in the afternoon, unless permitted so to do by the superintendent or his deputy; and any person offending against the provisions of this section shall be liable, for each offence, to the penalty prescribed in the twentieth section of this ordinance.' "

The twentieth section of the ordinance in relation to Faneuil Hall Market prescribes the punishment by fine of any one violating the provisions of the ordinance, to be recovered on complaint to the municipal court.

† " The limits of Faneuil Hall Market shall include the lower floor, porches and cellars of the building called Faneuil Hall Market, the basement story and cellars under Faneuil Hall, and the following described portions of the adjacent streets, namely, so much of Commercial Street as lies westerly of the sidewalk on the easterly side thereof, and between the outer lines of the side-

the building and several adjoining streets. The complaint alleges that the defendant on June 16, 1871, at Boston, " with force and arms, was then and there the person having the care of a certain market wagon, having perishable produce therein, to wit, onions, and did suffer the said wagon to remain within the limits of Faneuil Hall Market, to wit, in that portion of South Market Street lying within the said limits, more than twenty minutes, between the hours of eleven o'clock in the forenoon and four o'clock in the afternoon of said day, he not being permitted so to do by the said superintendent of said market, or by Amos Dodge, the deputy superintendent of said market."

The first objection urged against the complaint is, that the ordinance was not in force at the date of the alleged offence. It was approved by the mayor on June 2, 1871. The act complained of is alleged to have been committed on June 16, 1871. The city charter provides that such ordinances " shall take effect and be in force from and after the time therein respectively limited." St. 1854, *c.* 448, § 35. And the objection rests on the ground that this ordinance does not in terms prescribe the time when it shall take effect.

But its language implies that it is in force immediately upon its passage ; and unless some other time is limited, this is the ordinary construction of statutes. *The Brig Ann,* 1 Gallison, 62. *Matthews* v. *Zane,* 7 Wheat. 164. *Arnold* v. *United States,* 9 Cranch, 104. *Matter of Welman,* 20 Verm. 653. We do not think the language of the city charter requires a different construction to be given to city ordinances. This construction is not inconsistent with the rule stated in the *Opinion of the Justices,* 22 Pick. 571, 573, " that every clause and word of a statute shall be presumed to have been intended to have some force and ef-

walks on the northerly side of North Market Street and the southerly side of South Market Street extended eastwardly ; all of North and South Market Streets, except the northerly sidewalk of the former and the southerly sidewalk of the latter ; all that portion of Merchants' Row included between the outer lines of the aforesaid northerly and southerly sidewalks extended westwardly across said Merchants' Row; and all of Faneuil Hall Square, except the sidewalk on the northerly, southerly and westerly sides thereof."

Commonwealth *v.* Brooks.

fect; " for if, by the fair construction of the ordinance, it takes effect immediately, the clause of the city charter cited above is complied with. The provisions of the Rev. Sts. *c.* 2, §§ 4, 5, and Gen. Sts. *c.* 3, § 6, which provide that a statute, " which does not expressly prescribe the time when it shall go into operation, shall take effect on the thirtieth day next after the day on which it shall have been approved," apply to legislative acts, and not to city ordinances. The city has power to pass an ordinance which shall take effect immediately, and the question when a particular ordinance takes effect is to be determined by its language.

It is contended that the ordinance in question does not conform to the St. of 1869, *c.* 301, § 1.* But that is a statute to regulate passing in the streets, while this ordinance relates to markets ; and though Faneuil Hall Market includes a part of South Market Street, the ordinance as to the market is in force there, and this prosecution is under it.

It is further contended that the ordinance is unreasonable, unequal and unconstitutional, and unduly restrains trade.

The restrictions created by it are in force only between eleven o'clock in the morning and four o'clock in the afternoon, leaving persons at liberty to occupy a street stand, for the sale of fresh provisions and perishable produce, at all other times of the day, when the market is open. Such stands are an interruption to travel in the street ; and the court cannot judicially determine what portion of the time the travel ought to be free from such interruptions, nor how the business of the market should be regulated, nor upon what occasions or by what officers the marketmen should be relieved from the restriction. The making of proper regulations on such a subject, so as best to accommodate the public, requires special knowledge and experience as to the

---

* " The mayor and aldermen of any city, and the selectmen of any town, may make such rules and regulations in relation to the passage of carriages, wagons, carts, trucks, sleds, sleighs or other vehicles, through the streets or public ways of the city, as they shall deem necessary for the safety or convenience of those who travel on said streets or ways, on foot or in vehicles with penalties for violations thereof, not exceeding twenty dollars for one offence."

business of the particular locality, and what might seem unreasonable to a stranger may in fact be what best promotes the interests of the public. We see no ground for holding that the ordinance is not reasonable and valid, or that it is unequal or unduly restrains trade. *Exceptions overruled.*

