COMMONWEALTH *vs.* TOM RI JON ELLIOTT.

Suffolk. November 28, 1876. ENDICOTT & LORD, JJ., absent.

On a complaint for standing on a street, and selling newspapers, in violation of an ordinance of the city of Boston, providing that "no person shall stand on any street, for the sale of any article, unless duly licensed," a witness for the government testified that the defendant on the day named in the complaint came into a certain street and sold newspapers; that he would stand for about five minutes, and then move a little, moving backwards and forwards within a space of fifteen feet. The judge instructed the jury that if the defendant stopped, in the manner described by the witness for the government, he would be guilty of standing in violation of the ordinance. *Held,* that the ruling was erroneous; and that the case should have been submitted to the jury upon all the evidence, with proper instructions.

COMPLAINT to the Municipal Court of the city of Boston, charging the defendant on July 14, 1876, with standing and selling newspapers on Haymarket Square, a public street in Boston, without a license, and in violation of a city ordinance, which provides, under a penalty, that "no person shall stand on any street for the purpose of grinding cutlery, or for the sale of any article, or for the exercise of any other business or calling, unless duly licensed by the board of aldermen."

Trial in the Superior Court, on appeal, before *Putnam*, J., who allowed a bill of exceptions, so much of which, as is material to the point decided, was as follows:

"The witness for the government testified that the defendant, on the day named in the complaint, came into Haymarket Square about a quarter past five o'clock in the afternoon, with newspapers for sale; that he had his wife with him, dressed in a bloomer costume, and had a carriage with a baby in it; that he stood there until ten minutes to six; that he saw him sell during that time some six or eight papers; that a crowd gathered around him; that he stood in front of the depot some six to ten feet from the curbstone of the walk; that he would stand for about five minutes, and then move a little, moving backwards and forwards in front of the depot within a space of ten or fifteen feet between the front doors of the depot, until ordered away by the police.

" The defendant testified that he was at the place named, and had newspapers with him called the ' Volcano,' published and edited by him — with his wife, and child in a cradle; that he made no stand, as he should call it, but moved about in front of the depot, walking up and down between a round-house (which is in the centre of the square) and the depot, a distance of about forty feet, and within four feet of the cross-walk which ran from the round-house to the depot; that he did not stand still, partly because the teams interfered, and partly because the crowd around him was so great that, if he stood, it prevented people from seeing the placard which he wore about his neck.

" The defendant asked the court to rule as follows: ' It is no offence for an adult to sell a newspaper published by himself in a public street of Boston, if he does not make a stand therein for a greater or smaller space of time, so as intentionally and materially to obstruct the public travel. And this rule should be applied liberally in behalf of the accused, and would not be violated by a temporary pause merely to make change for a purchaser.'

" The court declined to give the ruling in the words asked for, but did instruct the jury as follows: ' That it was no offence for an adult citizen to go from place to place in the street to sell newspapers; and that, if defendant simply moved through the streets or this square, stopping to sell a newspaper to any one wishing to buy, and stopping only long enough reasonably to deliver his paper and make change, or receive payment, he was not guilty under this complaint. But if he stopped in Haymarket Square for the time and in the manner testified to by the witness for the government, occasionally moving backwards and forwards in front of the depot, and confining himself to that locality, he would be guilty of standing in violation of the by-law.' "

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. W. Searle*, for the defendant.

*H. W. Chaplin*, for the Commonwealth.

BY THE COURT. The court below erred in ruling, as matter of law, that if the defendant ": stopped in Haymarket Square for the time and in the manner testified to by the witness for

the government, occasionally moving backwards and forwards in front of the depot, and confining himself to that locality, he would be guilty of standing in violation of the by-law," instead of submitting the case to the jury upon all the evidence, with proper instructions.        *Exceptions sustained.*