## COMMONWEALTH *vs.* JEROME W. ELLIS.

Suffolk.    December 6, 1892. — April 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Municipal Ordinance — Ultra Vires — Constitutional Law — State License.*

The city council of Boston may lawfully forbid public selling in the streets; and an ordinance of the city which provides that no person shall sell, in any street or from any building, any goods or article to any person on the street, except in accordance with a permit from the superintendent of streets, is reasonable, constitutional, and valid; and the fact that the party complained of has a license as a pedler from the Commonwealth is immaterial.

COMPLAINT to the Municipal Court of the City of Boston, alleging that the defendant, on May 9, 1892, sold flowers in a public street of Boston without a permit from the superintendent of streets, in violation of the revised ordinance of that city. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

The complaint was brought under chapter 43, section 35, of the Revised Ordinances of the City of Boston of 1892, which provides that " No person shall, except in accordance with a permit from the superintendent of streets, in any street or from any building, sell any goods or article to any person on the street," etc. It was admitted by the defendant that he had done the acts complained of, and that he had no permit from the superintendent of streets. It appeared that the defendant had served as a soldier in the war of the Rebellion, and had a license issued by the Secretary of the Commonwealth under the St. of 1889, c. 457, " to go about as a hawker, pedler, or petty chapman, . . . and to expose for sale any goods, wares, or merchandise not prohibited by section 3 of chapter 68 of the Public Statutes."

The defendant requested the court to rule as follows:

" 1. The section of the ordinance in question is invalid, it being unjust, unreasonable, partial, and in restraint of trade. 2. The section is void, because it prohibits, not regulates trade ; and in that it discriminates between people engaged in the same trade and calling, and is against public policy. 3. The ordinance or section is *ultra vires*, is inconsistent with and contrary to the statutes of the Commonwealth, and is unconstitutional."

No other rulings were requested. The judge declined so to rule, and directed the jury to return a verdict of guilty. The defendant alleged exceptions.

The case was submitted on briefs to all the judges.

*P. O'Loughlin*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

HOLMES, J. We must assume that the defendant was guilty of a breach of the Boston city ordinance against selling in the streets. Rev. Ord. 1892, c. 43, § 35. The only question brought before us by the exceptions is whether the ordinance is valid. It must be construed in a rational way. See *Commonwealth v. Plaisted*, 148 Mass. 375, 382. Of course it does not mean that two persons walking together on a highway cannot make a bargain in their private conversation, and execute it on the spot. The sales referred to are sales in pursuance of an offer to the public, — sales in the course of a business generally conducted at a standstill, or at least with frequent stops, and tending to collect a crowd. Formerly the prohibition was confined to standing in the street for the sale of any article. Rev. Ord. 1885, c. 28, § 44. Probably the change was made to avoid nice questions as to what was standing, such as were raised in *Commonwealth v. Elliott*, 121 Mass. 367, but the object is the same, as appears also from the context. *Commonwealth v. McCafferty*, 145 Mass. 384, 385.

Any one who has observed the obstruction to travel and the general inconvenience which are caused by a stationary object in our crowded and narrow streets, would be slow to declare unreasonable a prohibition intended to prevent that inconvenience. We are of opinion, both on principle and on authority, that for this purpose the city council lawfully may forbid public

selling in the streets. *Nightingale, petitioner,* 11 Pick. 168, 171. *Commonwealth* v. *Brooks,* 109 Mass. 355, 358. *Commonwealth* v. *Elliott,* 121 Mass. 367. *Commonwealth* v. *McCafferty,* 145 Mass. 384. 1 Dillon, Mun. Corp. (4th ed.) §§ 387, 393 *et seq.* This being so, the ordinance is none the worse for the exception in case of a permit from the superintendent of streets. *Commonwealth* v. *Plaisted,* 148 Mass. 375, 382. *Quincy* v. *Kennard,* 151 Mass. 563. *Commonwealth* v. *Page,* 155 Mass. 227. *Commonwealth* v. *Parks,* 155 Mass. 531, 532. The fact that the defendant had a license as a pedler from the Commonwealth is not material on these exceptions. But the license did not authorize him to violate the ordinances of the city. *Commonwealth* v. *Fenton,* 139 Mass. 195. *Commonwealth* v. *Lagorio,* 141 Mass. 81. In the opinion of a majority of the court, the exceptions must be overruled.                          *Exceptions overruled.*