COMMONWEALTH *vs.* L. FRANK FINNIGAN.

Suffolk.    October 2, 1950. — November 1, 1950.

Present:   QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Dentist. Constitutional Law,* Public health, Police power. *Public Health.*

The provision of G. L. (Ter. Ed.) c. 112, § 50, as appearing in St. 1949,
   c. 333, that one shall be deemed to be practising dentistry if he "adds
   or directs the application of any substance to dentures, bridges,
   appliances or other structures to be used and worn as substitutes for
   natural teeth," is constitutional as an exercise of the police power for
   the protection of the public health.

COMPLAINT, received and sworn to in the Municipal Court
of the City of Boston on January 6, 1950.

Upon appeal to the Superior Court, the case was heard by
*Buttrick*, J., without a jury.

*J. E. Henchey & C. R. McCauley, Jr.*, for the defendant,
submitted a brief.

*John J. Sullivan*, Assistant District Attorney, for the
Commonwealth.

LUMMUS, J.   This is a complaint to a District Court,
alleging that the defendant, on December 7, 1949, and on
divers later days, did practise dentistry without being duly
registered as a dentist according to law.   On appeal to the
Superior Court, he was found guilty and fined.   He claimed
an appeal to this court.   G. L. (Ter. Ed.) c. 278, § 28.

There was no oral evidence.   The case was submitted to
the Superior Court upon a statement of agreed facts, sub-
stantially as follows.   The defendant was not a registered
dentist, and was not working under the direction of one.
He was resorted to by persons having difficulty with the
fit of their dentures or dental plates.   He would apply a
pinkish adhesive plastic substance to the dental plate, and
direct the patient to replace it in the mouth and bite hard
upon it.   Then the defendant would trim the edges of the

adhesive plastic, and the patient would replace the dental plate in his mouth.

General Laws (Ter. Ed.) c. 112, § 50, as amended by St. 1935, c. 344, did not prohibit the addition by an unregistered person of any substance to dentures, but did prohibit such a person from taking impressions of the human teeth or jaws. Statute 1949, c. 333, which took effect in August, 1949, provided that a person shall be deemed to be practising dentistry if he "adds or directs the application of any substance to dentures, bridges, appliances or other structures to be used and worn as substitutes for natural teeth."

The defendant does not argue that he did not violate the statute, but rests his case upon the alleged unconstitutionality of the statute as being violative of the Fourteenth Amendment to the Constitution of the United States and arts. 1 and 10 of the Declaration of Rights in the Constitution of Massachusetts. These constitutional provisions protect the right of individuals to liberty and property and to engage in lawful occupations. *McMurdo* v. *Getter*, 298 Mass. 363, 366. *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 428. But "The right to engage in business must yield to the paramount right of government to protect the public health by any rational means," a right known as the police power. *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 139. The decisive question in the present case is whether the statute cannot reasonably be thought to have a tendency to protect the public health. All rational presumptions are made in favor of the validity of every legislative enactment. Enforcement is to be refused only when it is in manifest excess of legislative power. *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 138. In our opinion it cannot be said that obedience to the statute may not reasonably be thought to promote the public health. We think that the statute is not in conflict with either Constitution.

*Judgment affirmed.*