COMMONWEALTH *vs.* F. PORTER SARGENT.

Suffolk.   October 5, 1953. — December 31, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Way*, Public: traffic regulations, parking. *Regulation. Boston. Constitutional Law*, Equal protection of laws.

Provisions of the rules and regulations of the Boston traffic commission prohibiting parking of vehicles on one side of a certain section of Beacon Street near the State House but making the prohibition inapplicable to vehicles owned or used by members and officers of the General Court in a part of that section were traffic regulations and not the mere establishment of a parking space for such members and officers, were not unreasonable, and did not unconstitutionally discriminate against nor deny equal protection of the laws to a motor vehicle operator not a member or officer of the General Court.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on November 12, 1952.

Upon appeal to the Superior Court, the case was heard by *Hobson*, J., a District Court judge sitting under statutory authority.

*Harold Katz*, for the defendant.

*Daniel J. O'Connell*, Assistant District Attorney, for the Commonwealth.

·QUA, C.J.   This is a complaint for violation of a regulation of the Boston traffic commission which forbids parking on one side of a certain portion of Beacon Street.   The trial judge found the defendant guilty upon agreed facts and reported the case.

By St. 1929, c. 263, § 2,[1] the commission was given authority to adopt, amend, alter and repeal rules and regulations not inconsistent with general law, as modified by the act, relative to vehicular street traffic in the city, and to the

[1] For subsequent changes in this section see St. 1949, c. 362, § 1;  St. 1950, c. 78, § 1;  St. 1952, c. 366, § 1.

movement, stopping or standing of vehicles on the streets and ways of the city, and to prescribe penalties for the violation of such rules and regulations. This was a valid delegation of legislative power. *Commonwealth* v. *Plaisted*, 148 Mass. 375. See *Commonwealth* v. *Ober*, 286 Mass. 25. Pursuant thereto the commission established the following rules and regulations (1949): "Article IV, Section 3 (2): No driver shall stop, stand or park any vehicle in the following streets or parts thereof, during the hours indicated . . . Beacon Street: South side from Tremont Place to Charles Street, 24 hours." "Article IV, Section 16: The provisions of these rules and regulations prohibiting or restricting the parking and standing of vehicles on public ways shall not, so far as they relate to the following streets or parts thereof, apply to vehicles owned or used by members and officers of the General Court: Beacon Street: South side, from a point one hundred and fifty (150) feet west of Park Street to Charles Street . . . ." While these rules and regulations were in force the defendant parked his motor vehicle for half an hour in the forbidden area between two signs which read, "No Parking, Reserved for Members of General Court."

Apparently the defendant concedes that he was not a member or officer of the General Court. His contentions are (1) that the restriction is not a traffic regulation, (2) that it is not reasonable, and (3) that it is unconstitutional as denying to the defendant the equal protection of the laws.

We think the rules as quoted above are a traffic regulation and are not merely a setting apart of a portion of the street as a parking space for members and officers of the General Court. The principal and general effect of these rules is to forbid parking for a considerable distance on the south side of Beacon Street. This is certainly a regulation of traffic and is within the express words of the enabling act. There is, however, as to part of the distance an exception in favor of members and officers of the General Court. This does not prevent the rules from being a regulation of

traffic. In general, parking is still excluded, and the street will be left free for the flow of traffic except to the extent that members and officers of the General Court only may see fit to park there. Presumably this will occur for the most part during days and hours while the General Court is in session in the State House on the opposite side of the street. The power to make traffic regulations includes the power to adapt them to fit existing conditions, including the character and use of buildings in the neighborhood, and to make suitable exceptions to that end. *Commonwealth* v. *Ellis*, 158 Mass. 555, 557. *Quincy* v. *Kennard*, 151 Mass. 563. *Commonwealth* v. *Fox*, 218 Mass. 498, 500.

We cannot say that the rules are unreasonable, apart from the question of discrimination, with which we will deal separately in a moment. What is reasonable in a situation of this kind depends upon a variety of considerations such as the volume and direction of traffic flow, the need for parking space in the particular locality, the availability of space elsewhere, and doubtless many others. All these are matters for the commission and not for the courts. *Commonwealth* v. *Brooks*, 109 Mass. 355, 358–359. A wide range of discretion is committed to the rule making body. *Commonwealth* v. *Mulhall*, 162 Mass. 496, 498. *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 138–139, and cases cited. *Commonwealth* v. *Finnigan*, 326 Mass. 378. See *Commonwealth* v. *Rice*, 261 Mass. 340.

As to alleged unconstitutional discrimination, the question is whether the provision in favor of members and officers of the General Court is, on any possible theory, a rational classification based upon grounds which might reasonably be thought to warrant a distinction. *Opinion of the Justices*, 251 Mass. 569, 600–607. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 337–341. *Old Colony Railroad* v. *Assessors of Boston*, 309 Mass. 439, 447–449. *McQuade* v. *New York Central Railroad*, 320 Mass. 35, 38–39. *Price* v. *Railway Express Agency, Inc.* 322 Mass. 476, 480–482. *Metropolitan Casualty Ins. Co.* v. *Brownell*, 294 U. S. 580, 584. *Railway Express Agency, Inc.* v. *New York,*

336 U. S. 106. It is common knowledge that the State House, where the General Court meets, is located in the old part of Boston; that most of the streets in the neighborhood are narrow; and that parking space is difficult to find. The area on Beacon Street in which members of the General Court are permitted to park is near the State House and adjacent to that part of Boston Common where there are no buildings. If the commission thought that the ability to park in this space would be a substantial convenience to members of the General Court, who come from all parts of the State, and that it would serve the public interest and would not too greatly interfere with the general purpose to keep the south side of the street clear, we cannot say that a special classification for these members· is irrational or arbitrary. We find no unconstitutional discrimination.

*Finding of guilty to stand.*