CITY OF AKRON, APPELLEE, *v.* DAVIES, APPELLANT.

104

(No. 4909—Decided December 30, 1959.)

*Mr. Harry N. Van Berg*, director of law, and *Mr. James J. Gill*, for appellee.
*Mr. Lee C. Davies, in propria persona.*

DOYLE, P. J.   Lee C. Davies was charged, by affidavit in the Municipal Court of Akron, with violating the following municipal ordinance:

"(a) No person shall stand or park a trackless trolley or vehicle except when necessary to avoid conflict with other traffic or with the provisions of this chapter, or in compliance with the directions of a police officer or a traffic control device, in any of the following places:

"* * *

"41. Any vehicle, except municipally owned vehicles, on any of the following streets or portions of streets:

"Bowery Street, East, north side, from the east property line of Broadway to a point 126 feet east thereof."

Chapter 24, Section 122, subsection (a), paragraph 41, of the Ordinances of the City of Akron.

From a judgment of conviction and costs suspended, the defendant, Davies, has appealed to this court on questions of law.

A reversal of the judgment is here sought upon the grounds that:

1. "Said ordinance violates the equal protection clause of the state and federal Constitutions (Article 1, Section 2, of the Ohio Bill of Rights, and the 14th Amendment to the Constitution of the United States)."

2. "Said ordinance amounts to the taking of private property without just compensation, contrary to Article 1, Section 19, of the Ohio Constitution, and violates the provisions of the Constitution of the United States and Ohio by depriving persons of property without due process of law (the Fifth and Fourteenth Amendments to the Constitution of the United States)."

3. "The operation of said ordinance is not impartial, but is * * * unduly oppressive upon individuals and private rights. Further, said ordinance is unjust, unreasonable, oppressive, and operates in a discriminatory manner."

Authority is granted, by the Ohio Constitution (Article XVIII, Section 3), to municipalities within the state to adopt and enforce such local police regulations as are not in conflict with general law. However, a municipal ordinance passed under this authority must not be arbitrary, discriminatory, capricious, or unreasonable, and must bear a real and substantial relation to the health, safety, morals or general welfare of the public. *City of Cincinnati* v. *Correll*, 141 Ohio St., 535, 49 N. E. (2d), 412.

"3. What the Constitution grants, no statute may take away." *State, ex rel. Hoel, Pros. Atty.*, v. *Brown*, 105 Ohio St., 479, 138 N. E., 230.

"Notwithstanding the police power of the state is extensive, it cannot be exercised arbitrarily and unreasonably to affect or unduly interfere with personal rights or private property." *Grieb* v. *Dept. of Liquor Control*, 153 Ohio St., 77, at pp. 81-82, 90 N. E. (2d), 691. See also: *Benjamin* v. *City of Columbus*, 167 Ohio St., 103, 146 N. E. (2d), 854.

The Legislature, in recognition of the constitutional grant of authority to municipalities, enacted Section 4511.07, Revised Code. It stipulates, in part:

"Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, of the Revised Code do not prevent local authorities from carrying out the following activities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power:

"(A) Regulating the stopping, standing, or parking of vehicles, trackless trolleys, and streetcars;

"* * *"

It is the appellant's claim in this court that the ordinance bottoming his conviction "attempts to draw a distinction between rights which city employees may have as opposed to rights which citizens individually may have. * * * such a distinction denies to the defendant the equal protection of the laws and discriminates against private citizens." (It is agreed that the defendant is not a municipal employee and that a municipally owned automobile was not involved.) Further, that "the effect of this ordinance is to absolve municipal employees from criminal penalties * * * and cause others not similarly situated to fall within the penalty of the ordinance. The exemption is not made to the municipality, but operates on a special class of people—*i. e.*, municipal employees."

The power given to municipalities to regulate traffic and parking of automobiles on the streets of the municipality includes the power to adapt its regulations to fit existing conditions, and existing conditions may include the location, character and use of neighborhood buildings, for which reasonable and suitable exceptions may be made.

It is common knowledge that the vast majority of the departments of the city of Akron are officed in the Municipal or City Building, and that adjacent thereto is located Akron's only police station, from which all police activity emanates. These departments use, in the conduct of the city's business, many hundreds of automobiles. Adequate parking facilities are neither close nor convenient to these public buildings, and efficient operation of the government requires that automobiles be accessible and available for the constant use to which they are put by the employees of the city. We cannot say that the ordinance is unreasonable, so far as it is directed to the expediting of the work of the government.

Is the ordinance discriminatory?

It has long been a rule of law that the burden of establishing the unconstitutionality of an ordinance rests upon the one who assails it, and that courts may not declare a legislative discrimination invalid unless, viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some ra-

tional basis within the knowledge and experience of the legislators. A statutory or ordinance discrimination will not be set aside as a denial of equal protection or as a discriminatory act if any state of facts reasonably may be conceived to justify it. *Metropolitan Casualty Ins. Co. v. Brownell, Recr.*, 294 U. S., 580, 79 L. Ed., 1070; and see cases cited at 79 L. Ed., 1073.

The constitutional prohibition of legislation for the benefit of individuals does not necessarily preclude laws for the benefit of particular classes of individuals, similarly situated.

If the legislative body of the city of Akron thought, as it undoubtedly did, that the parking of city-owned automobiles on this street (close to the municipal buildings) would be a substantial convenience to the city-employee operators thereof, and that it would serve the public interest in having the cars immediately available for public use and would not greatly interfere with the general purpose to keep the north side of this street for a distance of 126 feet clear, the members of this court cannot say that the giving of a right to park vehicles falling within one special classification and excluding others is irrational or arbitrary. See: *Commonwealth v. Sargent*, 330 Mass., 690, 117 N. E. (2d), 154.

Finding no infirmity in the ordinance, and no error of a prejudicial nature, the judgment will be affirmed.

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.