J. E. HOOPER

*v.*

STATE OF TENNESSEE.

*(Nashville,* December Term, 1959.)

Opinion filed April 6, 1960.

HARRY S. LESTER, DAN GARFINKLE, Nashville, for plaintiff in error.

B. B. GULLETT, Nashville, for Tennessee State Dental Association.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

See also 205 Tenn. 126, 325 S.W.2d 561.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The defendant below, J. E. Hooper, was tried and convicted for practicing dentistry without a license and a fine of $150 imposed.

There is only one question made by the assignment of error and that is Section 63-537, T.C.A., violates Article I, section 8, Constitution of Tennessee, and the Fourteenth Amendment to the Constitution of the United States.

The evidence in this case shows beyond a doubt that the defendant was engaged in the practice of dentistry and that he was not licensed to practice this profession.

As to the legal question raised this Court has already held in *Prosterman v. Tennessee State Board of Dental Examiners,* 168 Tenn. 16, 73 S.W.2d 687, that a statute regulating the practice of dentistry (Section 63-506, T.C.A.) does not violate Article I, Section 8, Constitution of Tennessee.

The Section in question does nothing more than define the practice of dentistry. It does not appear to be unreasonable but sets forth a reasonable definition of the practice.

In *O'Neil v. State,* 115 Tenn. 427, 90 S.W. 627, 3 L.R.A., N.S., 762, we held that a statute prohibiting the practice of medicine without a license is constitutional.

In other States a similar statute has been upheld. *Shewmaker v. State,* Okl.Cr., 329 P.2d 858; *Commonwealth v. Finnigan,* 326 Mass. 378, 96 N.E.2d 715.

It results that the assignment of error is overruled and that the judgment of the lower court is affirmed.