

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 17, 1962

Mr. William J. Burke
Executive Director
State Board of Control
Austin, Texas

Dear Mr. Burke:

Opinion No. WW-1441

Re: Whether Article 861 of the Penal Code is applicable to and/or usable for parking control in the capitol grounds under the outlined conditions and related questions.

  You have requested an opinion on whether Article 861 of the Penal Code authorizes the Board of Control to regulate parking of vehicles in the various parking lots and thoroughfares within the capitol grounds and whether said Article would authorize the Board of Control to restrict parking in certain areas to members of the Legislature, elected state officials, heads of state agencies, state employees, members of the press assigned to the Capitol, business visitors and tourists. You have also asked whether, if Article 861 is not applicable, if the Legislature could pass a law authorizing the regulation of parking and what State agency should be delegated the responsibility of enforcing it.

  Article 861 of the Penal Code provides as follows:

  "Whoever shall drive, ride or lead, or cause to be driven, ridden or led, any horse or other animal into the capitol grounds at Austin or into the enclosure of the State cemetery, without the consent of the keeper or superintendant of said grounds or cemetery, shall be fined not exceeding Twenty-five Dollars."

  The language of the above statute is clear and unambiguous and in our opinion does not apply to

the parking of vehicles. The Article could be amended as you suggested by adding the word "vehicle" but as so amended the Article would not be broad enough to authorize the Board of Control to regulate parking in the manner set forth in your request. It is our opinion, therefore, that if such parking regulation can be authorized it should be by new Legislation.

The Courts have on numerous occasions upheld the power of municipalities to control and regulate on-street parking as a necessary adjunct to their responsibility of regulating traffic. The Courts have also upheld the powers of municipalities, under appropriate statutory and charter provisions, to construct and operate off-street parking facilities for the public. Zachry v. City of San Antonio, 296 S.W.2d 299, (Civ. App. 1956, affirmed 305 S.W.2d 558, 1957); Amstater v. Andreas, 273 S.W.2d 95, (Civ. App. 1954, ref.n.r.e.); Hayden v. City of Houston, 305 S.W.2d 798 (Civ. App. 1957, ref.n.r.e.); 8 ALR2d 373.

This authority has been upheld on the ground that the establishment of off-street parking facilities are for a public purpose and is a proper exercise of the police power in relieving traffic congestion upon the streets and highways.

There is little doubt, therefore, that the Legislature could properly authorize the acquisition and construction of parking areas and facilities within the capitol grounds. The question arises, however, as to whether the Legislature could properly limit parking in such areas to certain classes and refuse parking privileges to the public in general.

Article 1, Section 3, of the Texas Constitution provides as follows:

"All free men, when they form a social compact, have equal rights and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

The Courts have interpreted this limitation liberally in favor of the State and have held that the

Legislature has the power to make classifications and exceptions unless they are arbitrary and unreasonable. Berry v. McDonald, 123 S.W.2d 388 (Civ. App. 1938); Watts v. Mann, 187 S.W.2d 917 (Civ.App. 1945, error ref.). Under the above section Legislation may be enacted granting certain rights and privileges to one class of individuals to the exclusion of another class, provided there is a reasonable ground for such classification and the law operates equally on all within the same class. State v. Richards, 157 Tex. 166, 301 S.W.2d 597 (1957).

In Commonwealth v. Sargent, 117 N.E.2d 154 (Mass.Sup. 1953); the Boston Traffic Commission adopted a rule making parking along a certain street illegal except for members and officers of the General Court. The Court in upholding such classification said,

> "If the commission thought that the ability to park in this space would be a substantial convenience to members of the General Court, who come from all parts of the State, and that it would serve the public interest and would not too greatly interfere with the general purpose to keep the south side of the street clear, we cannot say that a special classification for these members in irrational or arbitrary."

In City of Arkon v. Davies, 170 N.E.2d 494 (Ct. of App. Ohio, 1959) the Court, in passing upon a City ordinance making it unlawful to park cars along certain streets, except municipally owned vehicles, said,

> "The 'equal protection' clause of the state and federal constitutions do not prohibit Legislative classification and the imposition of legislative restraints on one class which are not imposed on the other . . . The power given municipalities to regulate the parking of automobiles on streets within the corporation includes the power to adopt such regulations to fit existing conditions,

> and includes the power to recognize the character and use of buildings in the neighborhood and to make suitable exceptions to that end." (emphasis added)

In Village of Larchmont v. Gilbert, 137 N.Y.S.2d 389 (C.Ct. 1954) an ordinance establishing a parking lot on public land for the exclusive use of the village residents was upheld as a valid classification.

In Blakemore v. Cincinnati Metropolitan Housing Authority, 57 N.E.2d 397 (Ct. of App., Ohio, 1943) the acquistion of land to be used as a parking lot for the tenants of a public housing project was upheld.

It is our opinion that the Legislature may, by statutory enactment, provide for the regulation of parking within the capitol grounds, and may place such limitations and restrictions thereupon as are reasonable and necessary. It is our opinion also that it is within the province of the Legislature to delegate the responsibility of enforcing such statute to the State Board of Control, or other appropriate state agency, and to clothe the employees of such agency with the authority to properly enforce such statute. (Attorney General's Opinion No. WW-128, 1957).

## S U M M A R Y

Article 861 of the Penal Code does not give the Board of Control the authority to regulate the parking of vehicles within the capitol grounds. The Legislature, by statutory enactment, may regulate the parking of vehicles within the capitol grounds and may place such restrictions thereon as are reasonable and necessary. The Legislature may delegate the enforcement of such statute to the State Board of Control, or other appropriate state agency, and clothe the employees of such agency with the authority to properly enforce the statute.

Mr. William J. Burke, Page 5  (WW-1441)

Very truly yours,

WILL WILSON
Attorney General of Texas

By Marvin F. Sentell
Marvin Sentell
Assistant Attorney
General

MS:cjs

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

Elmer McVey

Dudley McCalla

Sam Wilson

Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore