STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RICHARD BERNARD LUTZ, DEFENDANT-APPELLANT.

Argued December 21, 1970—Decided January 25, 1971.

*Mr. Verling C. Enteman* argued the cause for appellant.

*Mr. Robert E. Frederick,* Warren County Prosecutor, argued the cause for respondent.

PER CURIAM. Defendant was convicted of (1) conspiracy to commit fornication and (2) fornication. The other young men involved in the affair pled guilty to fornication, whereupon the conspiracy charges were dismissed. Defendant was sentenced to four to five months' imprisonment on the fornication charge; sentence was suspended on the conspiracy count. We certified the matter before argument in the Appellate Division.

 We do not believe the facts warrant a conviction on the charge of conspiracy. As to fornication, defendant contends the statute, *N. J. S. A.* 2A:110–1, invades a zone of privacy protected by the United States Constitution, citing *Griswold v. Connecticut,* 381 *U. S.* 479, 85 *S. Ct.* 1678, 14 *L. Ed.* 2d 510 (1965), which struck down a statute forbidding the use of contraceptives by married couples, and *Stanley v. Georgia,* 394 *U. S.* 557, 89 *S. Ct.* 1243, 22 *L. Ed.* 2d 542 (1969), which found the First Amendment protected pornography at home. Defendant contends, further, that if fornication in private may be punished, the offense should be found to include the birth of issue, notwithstanding the holding to the contrary in *State v. Sharp,* 75 *N. J. L.* 201, 203–204 (Sup. Ct. 1907), aff'd, 76 *N. J. L.* 576 (E. & A. 1908). We are not persuaded on either score. As to the constitutional issue, see the concurring opinions of Mr. Justice Goldberg and Mr. Justice White in *Griswold, supra,* 381 *U. S.* at 498–499, 505–507, 85 *S. Ct.* 1689–1690, 1693–1694, 14 *L. Ed.* 2d at 523–524, 527–528, and the dissenting opinion of Mr. Justice Harlan in *Poe v. Ullman,* 367 *U. S.* 497, 552–553, 81 S. Ct. 1752, 6 *L. Ed.* 2d 989, 1025 (1961); and see also *Buchanan v. Batchelor,* 308 *F. Supp.* 729, 733 (N. D. Tex. 1970); *Sturgis v. Attorney General, Mass.,* 260 *N. E.* 2d 687, 690 (Sup. Jud. Ct. 1970).

We note, however, our concern with the problem of uneven enforcement of the fornication statute. We, of course,

recognize that total enforcement of a criminal code is impossible, particularly with respect to lesser crimes. Nonetheless the problem may be different if a statute is consciously ignored and is invoked only in response to circumstances unrelated to the elements of the proscribed offense. There being no record upon the broader subject of erratic enforcement, we will not pursue it further. In any event, we suggest the offense, if it is to remain, might well be downgraded by statute to a disorderly persons offense. We add that, although *N. J. S. A.* 2A:110–1 denounces fornication as a misdemeanor, it fixes a maximum of a fine of $50 or six months' imprisonment or both, which punishment is characteristic of disorderly persons offenses ($500 or six months or both, *N. J. S. A.* 2A:169–4) rather than of misdemeanors ($1,000 or three years or both, *N. J. S. A.* 2A:85–7).

■ As to the sentence, we think it appropriate to suspend the jail term and to place defendant on probation for one year. We find no merit in the other points raised.

The judgment on the conspiracy charge is reversed and an acquittal is ordered. The judgment on the fornication charge is affirmed with the modification that the jail sentence be suspended and that defendant be placed on probation for one year.

*For affirmance as modified in part and reversed in part*— Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.