CUNNINGHAM et al., Appellees,

v.

CRABBE et al.; Citizens For Erection of New Township et al., Appellants.

[Cite as *Cunningham v. Crabbe* (1992), 73 Ohio App.3d 596.]

Court of Appeals of Ohio,
Jefferson County.

No. 91–J–15.

Decided May 11, 1992.

*Manes, Musitano, Schrader & Assaf* and *Alfred E. Schrader,* for appellees.
*Meeta A. Bass* and *David N. Dittmar,* for appellants.

O'NEILL, Judge.

This cause originated in the trial court when a township trustee of Wells Township filed a complaint alleging that a group of citizens had placed petitions before the Board of Jefferson County Commissioners in an effort to create a new township pursuant to R.C. 503.09. R.C. 503.09 reads as follows:

"Where a township contains a municipal corporation, either in whole or in part, if a majority of the freehold electors owning land in the portion of such a township outside the municipal corporation's corporate limits, petitions, with a map accurately setting forth such territory, praying to have such territory erected into a new township, and excluding the territory within the municipal corporation, the board of county commissioners shall enter an order erecting such territory into a new township, the boundaries of which need not include twenty-two square miles of territory. Upon the erection of such new township, the territory lying within the limits of the municipal corporation in the original township shall be considered as not being located in any township."

In essence, the complaint was one sounding in declaratory judgment and requesting the court to declare R.C. 503.09 unconstitutional for the reason that it violated the Equal Protection Clause of the Constitution.

In disposing of the case, the trial judge signed and filed a judgment entry concluding that R.C. 503.09 was unconstitutional on its face and of no force and effect. A timely notice of appeal was filed therefrom.

It was established, evidence-wise, that there were persons residing in the affected geographical territory who were other than freehold electors. A "freeholder" is defined as the owner of a freehold estate having legal title thereto. A freehold estate is an interest in land, the duration of which is not fixed by a specified or certain period of time, but which must, or at least may, last during the lifetime of some person. 41 Ohio Jurisprudence 3d (1983) 434, Estates, Section 4. Thus, it follows that, exclusively, a majority of the freehold electors make the decision as to the erection of a new township to the exclusion of all other residents of the geographical area. Constitutionally, this is classification. Classification is an inherent right and power in the legislature and the constitutional guarantee of equal protection of the laws does not dispense with all classification. So long as classifications have a real and substantial basis, they cannot be said to be violative of the Equal Protection Clause of the Constitutions even though the lines drawn therein are very narrow. *State ex rel. Burton v. Greater Portsmouth Growth Corp.* (1976), 7 Ohio St.2d 34, 36 O.O.2d 19, 218 N.E.2d 446.

"That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy. * * * It has long been settled that a classification, though discriminatory, is not arbitrary [or] violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it." *Allied Stores of Ohio v. Bowers* (1959), 358 U.S. 522, 528, 79 S.Ct. 437, 441, 3 L.Ed.2d 480, 485.

By the enactment of R.C. 503.09, the legislature clearly exercised a classification. This becomes evident from some of the evidence presented at the trial of this case wherein it was developed that there was a non-owner resident within the geographical area. There was no other evidence presented which would establish the numbers of people in the geographical area who were not freehold electors.

One who assails a statute on the ground that it involves a classification denying the equal protection of the laws must clearly establish the invalidity of such statute. 17 Ohio Jurisprudence 3d (1980) 157, Constitutional Law, Section 631.

"The question of the constitutionality of every law being first determined by the General Assembly, every presumption is in favor of its constitutionality, and it must clearly appear that the law is in direct conflict with inhibitions of the Constitution before a court will declare it unconstitutional. * * *" (Citation omitted.) *Ohio Pub. Interest Action Group v. Pub. Util. Comm.* (1975), 43 Ohio St.2d 175, 72 O.O.2d 98, 331 N.E.2d 730, paragraph four of the syllabus.

■ The issue in the present case is whether R.C. 503.09 violates constitutional equal protection of the laws. All that equal protection of the laws requires is that all in the same class shall be treated alike and that such classifications as are made shall not be arbitrary and unreasonable.

"Legislation must apply alike to all persons within a class, and reasonable grounds must exist for making a distinction between those within and those without a designated class. Within the limits of those restrictive rules, a legislative body has a wide measure of discretion. * * *" (Citation omitted.) *State v. Buckley* (1968), 16 Ohio St.2d 128, 45 O.O.2d 469, 243 N.E.2d 66, paragraph three of the syllabus. See, also, *Kinney v. Kaiser Aluminum & Chem. Corp.* (1975), 41 Ohio St.2d 120, 70 O.O.2d 206, 322 N.E.2d 880.

■ It is reasonable to conclude that all residents of Wells Township are a class. The legislature, by the passage of R.C. 503.09, has established an exclusive classification out of that general class. The exclusive classification is " * * * the freehold electors owning land in the portion of such a township outside the municipal corporation's corporate limits * * *." This classification excluded all residents of that portion of the township outside the municipal corporation who were not freehold electors. This classification excluded all residents of the township who resided within the municipal corporation. The witness, Harold M. Brautigan, Jr., testified that he lived in the unincorporated area of Wells Township and that he had lived there since the age of eight. He went on to testify that he was registered to vote but that he did not own land in Wells Township, rather he rented land. This test thus established that the witness was within the excluded class and had no input as to the erection of a new township even though he was a resident of the geographic area. Under such circumstance, Brautigan was denied the equal protection of the law and this conclusion is reached not by speculation or conjecture. At this point, the burden of going forward shifted to the defendants. In responding to this burden of going forward, it was incumbent upon the defendants to establish a reasonable distinction. A statutory or ordinance discrimination will not be set aside as a denial of equal protection or as a discriminatory act if any state of facts may be conceived to justify it. *Akron v. Davies* (1959), 111 Ohio App. 103, 107, 13 O.O.2d 451, 453, 170 N.E.2d 494, 497. In the subject case, it was

incumbent upon the defendants to come forward and establish any state of facts which reasonably could be conceived to justify the classification. This was not done.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DONOFRIO, P.J., and COX, J., concur.